## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **H.T. LYONS, INC. d/b/a TRYSTATE MECHANICAL, as the Successor-In-Interest to TRYSTATE MECHANICAL, INC.**<br>7165 Ambassador Drive<br>Allentown, PA 18106<br><br>*Plaintiff*,<br><br>v.<br><br>**CONSTELLATION NEWENERGY, INC.,**<br>1310 Point Street<br>8th Floor<br>Baltimore, MD 21231<br><br>**Serve On:**<br>Corporate Creations Network Inc.<br>2405 York Road<br>Suite 201-C<br>Lutherville-Timonium, MD 21093<br><br>*Defendant*. | Civil Action No.: _____ |

### COMPLAINT

NOW COMES Plaintiff, H.T. Lyons, Inc. d/b/a Trystate Mechanical, as the successor-in-interest to Trystate Mechanical, Inc. ("Plaintiff" or "Subcontractor"), by and through its undersigned attorneys, Zachary S. Gilreath, Joseph C. Kovars, and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., and for its Complaint against Defendant, Constellation NewEnergy, Inc. ("Defendant" or "CNE"), hereby states as follows:

### Parties

1. Plaintiff is a Pennsylvania corporation with its principal office located at 7165 Ambassador Drive, Allentown, Pennsylvania 18106.

2. On or about December 20, 2021, Plaintiff merged with Trystate Mechanical, Inc., a New York corporation ("Trystate"). As a result of the merger, Trystate was merged out of existence. Plaintiff was subsequently approved by the State of New York to do business as Trystate Mechanical.

3. Upon information and belief, CNE is a Delaware corporation with its principal office located at 1310 Point Street, 8th Floor, Baltimore, Maryland 21231.

## Jurisdiction and Venue

4. Jurisdiction is proper in this action under 28 U.S.C. § 1332 because Plaintiff is a Pennsylvania corporation with a principal place of business in Pennsylvania, CNE is a Delaware corporation with its principal place of business in Maryland, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because CNE maintains its principal place of business in Baltimore, Maryland.

6. Furthermore, jurisdiction and venue are proper because the causes of action addressed herein arise from a contract between CNE and Plaintiff, which expressly provides that the parties consent to the exclusive jurisdiction and venue in the courts located in Baltimore, Maryland, including but not limited to this Court.

## Factual Background

7. On or about January 25, 2021, Trystate entered into a Blanket Subcontract for Energy Projects and Services (the "Subcontract") with CNE relating to the construction of a building at the Newark International Airport in Newark, New Jersey (the "Project"). A copy of the Subcontract is attached hereto as **Exhibit 1**. The owner of the Project, Port Authority for New York and New Jersey ("PANYNJ" or "Owner"), previously contracted with CNE for CNE to serve as the general contractor for the Project.

8. Pursuant to the Subcontract, CNE agreed to fully compensate Trystate for work performed pursuant to any purchase orders, change orders or additional work performed by Trystate on the Project pursuant to the instructions and/or requests of CNE.

9. On or about April 3, 2023, Plaintiff, as the successor-in-interest to Trystate, and CNE executed a purchase order for the scope of work to be performed by Plaintiff under the Subcontract for the Project (the "Purchase Order"). A copy of the Purchase Order is attached hereto as **Exhibit 2**. The Purchase Order provided a base contract price of $5,392,146.00 for work to be performed by Plaintiff for the Project under the Subcontract.

10. A change order for the Purchase Order was issued for Plaintiff's work on the Project pursuant to the Subcontract on or about April 1, 2024 ("PO Change Order #1"). A copy of PO Change Order #1, which was executed by CNE, is attached hereto as **Exhibit 3**. PO Change Order #1 resulted in an increase of $50,805.96 to the contract price of the Subcontract.

11. Additionally, a second change order for the Purchase Order was issued for Plaintiff's work on the Project pursuant to the Subcontract on or about September 23, 2024 (the "PO Change Order #2") (together with the PO Change Order #1, the "PO Change Orders"). A copy of PO Change Order #2 is attached hereto as **Exhibit 4**. PO Change Order #2 was approved by CNE, which resulted in an increase of $24,524.53 to the contract price of the Subcontract.

12. As a result of the PO Change Orders, the Subcontract price for the Project totals $5,467,476.49.

13. Plaintiff furnished labor, materials, equipment, and supervision in the amount of $5,467,476.49, excluding interest, to the Project in accordance with the Subcontract, the Purchase Order, and the PO Change Orders.

3

14. To date, CNE has paid Plaintiff the total sum of $4,796,550.92, leaving a balance owed to Plaintiff in an amount not less than $670,925.57 for work performed pursuant to the Subcontract, Purchase Order, and PO Change Orders.

15. Additionally, during the course of the Project, Plaintiff submitted no fewer than 120 change order requests for work performed pursuant to the instructions and/or requests of CNE (the "Change Order Requests").

16. Furthermore, during the course of the Project, CNE intentionally interfered with and failed to satisfy other obligations under the Subcontract, including but not limited to the following:

   a. CNE interfered with Plaintiff's work by failing to provide adequate construction management, contract administration, and project oversight as required under the Subcontract.

   b. CNE interfered with Plaintiff's work by failing to coordinate with the Owner and manage shifting schedules and logistical requirements.

   c. CNE interfered with Plaintiff's work by failing to properly schedule and coordinate critical work, including transformer replacement.

   d. CNE interfered with Plaintiff's work by failing to maintain and distribute monthly master schedule updates.

   e. CNE interfered with Plaintiff's work by failing to communicate, document, and approve design changes, field changes, and RFI requests.

   f. CNE interfered with Plaintiff's work by failing to document and distribute project and Owner meeting minutes.

   g. CNE interfered with Plaintiff's work by failing to adequately administer the punch list and sign-off process.

    h. CNE failed to make timely payments in accordance with Subcontract.

    i. CNE failed to provide the payment bond required by the contract and law for the protection of subcontractors like Trystate that furnished labor, materials, and equipment to the Project.

17. As a result of CNE's failures, as alleged above, Plaintiff encountered interferences and extensions of performance regarding its work pursuant to the Purchase Orders, interferences and extensions that resulted in Plaintiff incurring additional costs and expenses. The costs and expenses incurred by Plaintiff as a result of these failures by CNE are also addressed in the Change Order Requests.

18. Despite the Change Order Requests being submitted in accordance with the Subcontract, Purchase Order, and PO Change Orders, CNE has failed to resolve most of the Change Order Requests, which are identified in the Change Order Status Log attached hereto as **Exhibit 5**.

19. The cost of the unresolved Change Order Requests, less pending credits of $235,497.89, totals $919,344.99.

20. To date, and despite repeated requests, CNE has failed to fully compensate Plaintiff for its work on the Project performed pursuant to the Subcontract, the Purchase Order, the PO Change Orders, and the Change Order Requests, presently totaling $1,590,270.56. *See* Statement of Account, attached as **Exhibit 6**.

## COUNT I
### Breach of Contract

21. Plaintiff incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff and CNE entered into a valid and enforceable contract.

23. Plaintiff performed its obligations under the Subcontract, the Purchase Order, and the PO Change Orders but CNE materially breached the Subcontract.

24. CNE materially breached the Subcontract by, *inter alia*, failing to pay Plaintiff monies due for the work Plaintiff performed pursuant to the Subcontract, the Purchase Order, and the PO Change Orders.

25. CNE also materially breached the Subcontract by, *inter alia*, failing to compensate Plaintiff for the work performed pursuant to CNE's requests and/or required due to CNE's failures to satisfy other contractual obligations set forth in the Subcontract, as described in Paragraph 15 and set forth in the Change Order Requests.

26. As a result of CNE's breaches of the Subcontract, Plaintiff has sustained losses of not less than $1,590,270.56, excluding additional interest, costs and attorneys' fees.

27. Plaintiff has incurred and shall continue to incur substantial costs associated with its attempts to recover its losses and expenses from CNE, which costs it is entitled to recover from CNE pursuant to the Subcontract.

28. Plaintiff has satisfied all conditions precedent to initiating suit or such conditions have been waived or excused.

WHEREFORE, H.T. Lyons, Inc. d/b/a Trystate Mechanical, as the successor-in-interest to Trystate Mechanical, Inc., respectfully requests that this Court:

A. Enter judgment against Constellation NewEnergy, Inc. and in favor of Plaintiff in an amount no less than $1,590,270.56 together with additional prejudgment interest, post judgment interest, costs and expenses, including attorney's fees, expended in this behalf; and

B. Grant Plaintiff such other relief as may be appropriate.

## COUNT II
### Quantum Meruit

29. Plaintiff incorporates by reference Paragraphs 1 through 28 as if fully set forth herein.

30. As an alternative claim to Count I, Plaintiff furnished valuable labor, materials, and equipment to CNE to the Project.

31. CNE accepted and received the benefit of the labor, materials, and equipment and did so knowing Plaintiff expected to be paid for those materials and services.

32. All labor, materials, and equipment rendered by Plaintiff were rendered under such circumstances that CNE knew that Plaintiff expected to be paid or re-paid.

33. Despite demand, CNE failed to compensate Trystate for the labor, materials, and equipment it furnished on CNE's behalf.

34. The reasonable value of the labor, equipment, and materials for which CNE failed to compensate Trystate is at least $1,600,000.00.

WHEREFORE, H.T. Lyons, Inc. d/b/a Trystate Mechanical, as the successor-in-interest to Trystate Mechanical, Inc., prays for judgment against Defendant, Constellation NewEnergy, Inc., under Count II of the Complaint, in a sum to be determined at trial but not less than $1,600,000.00, together with additional prejudgment interest, post judgment interest, costs and expenses, including attorney's fees, expended in this behalf, and such other or further relief as the Court deems equitable and just.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL, & BERKOWITZ, P.C.

*/s/ Zachary S. Gilreath*
Zachary S. Gilreath (Bar No. 21824)
Joseph C. Kovars (Bar No.03578)
100 Light Street, 19th Floor
Baltimore, MD 21202
P: 410-862-1119
E: zgilreath@bakerdonelson.com /
jkovars@bakerdonelson.com

*Counsel for H.T. Lyons, Inc d/b/a Trystate Mechanical., as the Successor-in-Interest to Trystate Mechanical, Inc.*